**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES** | : | |
| | : | **Criminal No. 1:03-CR-214** |
| **v.** | : | |
| | : | **(Chief Judge Kane)** |
| **ALEXIS BURGOS,** | : | |
| Petitioner | : | |

**<u>MEMORANDUM</u>**

Before the Court is Petitioner Alexis Burgos's <u>pro se</u> Motion to Vacate, Set Aside, or

Correct Sentence under 28 U.S.C. § 2255.  (Doc. No. 106.)  The Government has filed a brief in

opposition to the motion (Doc. No. 110), and the time for Petitioner to reply to the Government's

brief has since expired.  Thus, the motion is ripe for disposition.  For the reasons discussed

below, the motion will be denied and dismissed as time-barred by the relevant statute of

limitations.

Also before the Court is Petitioner's "motion to re-open the Court's final judgment

denied on October 30, 2006 pursuant to the Civil Procedure Rule 60(B)" and brief in support

thereof.  (Doc. Nos. 113 & 114.)  For the reasons that follow, this motion will be denied as well.

**I.     BACKGROUND**

On August 13, 2003, a federal grand jury issued an indictment charging Petitioner with

five counts: conspiring to distribute cocaine base; conspiring to carry firearms during drug

trafficking; possession of firearms in furtherance of drug trafficking; possession of firearms by a

convicted felon; and possession of a firearm with an obliterated serial number.  (Doc. No. 1.)

Petitioner was arrested on these charges on October 14, 2003, and ordered detained pending trial.

(<u>See</u> Doc. No. 32.)  Petitioner entered into a plea agreement with the Government, and on

January 7, 2004, the Court accepted his guilty plea to Count 5 of the indictment, which charged

Petitioner with being in possession of firearms, in violation of 18 U.S.C. § 922(g)(1) and (2). (Doc. Nos. 83 & 99.)  At Petitioner's sentencing on April 29, 2004, the Court adopted the guidelines applications and findings set forth in the pre-sentence report, and further ordered (1) that the firearm sentence run concurrently with a state drug-trafficking sentence imposed upon Burgos for related misconduct in York County and (2) that the 120-month sentence called for by the guidelines be reduced to 102 months in order to credit against Burgos's federal sentence the time he had already served in the related state case.  (See Presentence Investigation Report at 13; Tr. from Sentencing at 4-5; Doc. No. 99.)  Burgos did not appeal this sentencing decision.

On August 2, 2006,[1] over two years after his sentencing, Petitioner filed the instant motion to vacate.  In his motion, Petitioner argues that his sentence was illegal because the facts underlying the guidelines calculations in his case were not found by a jury or proven beyond a reasonable doubt.  Petitioner complains that he received ineffective assistance of counsel because "Counsel didn't properly object to sentence execution.  State sentence and fed[eral] sentence should run concurrent or time credited from 12/10/02 to April 29, 2004."  Finally, Petitioner asserts that the imposition of supervised release following his jail sentence violates the constitutional prohibition against double jeopardy.  In response, the government contends that Petitioner's motion is barred by the statute of limitations and his own procedural defaults, and that the arguments he advances are meritless and frivolous.  The Court agrees that the motion is

---

[1]  Petitioner certified under penalty of perjury that his motion was placed in the prison mailing system on this date, even though it was not docketed until August 7, 2006.  (Doc. No. 106, at 13).  See Houston v. Lack, 487 U.S. 266, 270 (1988) (deeming a pro se prisoner's petition for habeas corpus "filed" at the time it was delivered to prison authorities for forwarding to the court).

untimely and, therefore, will not address the other grounds advanced by the government for dismissal.

## II.   DISCUSSION

### A.   Petitioner's § 2255 motion

#### *1.   Standard*

Under 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct the prisoner's sentence on the grounds that:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255.  However, § 2255 does not afford a remedy for all errors that may have been made at trial or sentencing.  United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993).  "The alleged error must raise 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  Id. (quoting United States v. Addonizio, 422 U.S. 178, 185 (1979)).  Furthermore, § 2255 generally limits a federal prisoner's ability to attack the validity of his sentences to cure jurisdictional errors and errors which rose to the level of a constitutional violation.  United States v. Timmreck, 441 U.S. 780, 783-84 (1979).

The decision whether to hold a hearing when a prisoner moves to vacate a judgment under § 2255 is left to the sound discretion of the district court.  Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989).  In general, if a petitioner raises an issue of material fact, a district court must afford a hearing in order to determine the truth of the prisoner's allegations.  Essig, 10 F.3d at 976.  However, a petitioner is not entitled to a hearing if the allegations set forth are

contradicted conclusively by the record or if the allegations are patently frivolous.  Solis v.

United States, 252 F.3d 289, 295 (3d Cir. 2001).

### 2.       *Statute of limitations*

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), signed into

law on April 24, 1996, amended § 2255 to provide, in pertinent part:

> A 1-year period of limitation shall apply to a motion under this
> section.  The limitation period shall run from the latest of–
>
> (1)     the date on which the judgment of conviction becomes final;
>
> (2)     the date on which the impediment to making a motion created
> by governmental action in violation of the Constitution or
> laws of the United States is removed, if the movant was
> prevented from making a motion by such governmental
> action;
>
> (3)     the date on which the right asserted was initially recognized
> by the Supreme Court, if that right has been newly recognized
> by the Supreme Court an made retroactively applicable to
> cases on collateral review; or
>
> (4)     the date on which the facts supporting the claim or claims
> presented could have been discovered through the exercise of
> due diligence.

28 U.S.C. § 2255.  The effect of this provision is to "create[] a statute of limitations for federal

defendants who attempt to collaterally attack their conviction and/or sentence pursuant to

§ 2255." Kapral v. United States, 166 F.3d 565, 567 (3d Cir. 1999).  AEDPA's statute of

limitations period is not jurisdictional in nature, but instead constitutes an affirmative defense

that the United States may waive.  United States v. Bendolph, 409 F.3d 155, 160 (3d Cir. 2005)

(en banc).  Here, the Government asserts that Petitioner's motion to vacate is barred by the

statute of limitations and that no grounds for equitable tolling exist.  The Court agrees.

As noted, Petitioner was sentenced on April 29, 2004, and he chose not to take a direct appeal of his conviction or sentence.  "For an individual such as petitioner who does not pursue a timely direct appeal to the court of appeals, his conviction and sentence become final, and the statute of limitations begins to run, on the date on which the time for filing an appeal expired." United States v. Hicks, No. 06-1125, 2006 WL 3056299, at *2 (W.D. Pa. Oct. 25, 2006) (citing Kapral, 166 F.3d at 577).  Petitioner's sentence was docketed on April 29, 2004 (Doc. No. 99), and became final on May 13, 2004, the date on which time for filing an appeal expired.  See Fed. R. App. P. 4(b)(1) (setting forth the timing for filing a notice of appeal in a criminal case).  Any timely motion brought pursuant to § 2255 had to have been filed not later than May 13, 2005. Accordingly, Petitioner's claim for § 2255 relief filed on August 2, 2006, is untimely and must be dismissed.

The three other possible triggering events for the running of the one-year limitations period contained in § 2255 do not apply to this case.  Petitioner has not suggested that government action impeded him from filing his motion, see 28 U.S.C. § 2255(2), nor has he alleged that facts or evidence supporting his petition have been newly discovered, see id. § 2255(4).  Moreover, the petition does not invoke a newly recognized right "made retroactively applicable to cases on collateral review."  Id. § 2255(3).  Petitioner bases his motion, in part, on United States v. Booker, 543 U.S. 220 (2005); however, "Booker does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005, the date Booker issued."  Lloyd v. United States, 407 F.3d 608, 616 (3d Cir. 2005).

Accordingly, the Court finds as a matter of law that Petitioner's § 2255 motion is barred by the applicable statute of limitations and must, therefore, be denied.

**B.** **Petitioner's "motion to re-open the Court's final judgment" under Rule 60(b)**

On April 19, 2007, Petitioner filed a "motion to re-open the Court's final judgment

denied on October 30, 2006 pursuant to the Civil Procedure Rule 60(B)" (Doc. No. 113) and a

"memorandum of points and authorities in support of his motion to vacate a fraudulent court's

judgment" (Doc. No. 114).[2]  In this motion, Petitioner raises several "issues to be reviewed by

this Court," and argues that: (1) 18 U.S.C. § 922(g)(1), the statute to which Petitioner pleaded

guilty, is unconstitutional; (2) defense counsel was ineffective; (3) Petitioner's double jeopardy

rights have been violated; and (4) Petitioner was "expose[d] to a miscarriage of justice due to

court officials rituals."   In his brief in support of his motion, Petitioner details these arguments

and raises other novel theories why his conviction and sentence should be set aside by the Court.[3]

---

[2]  Initially, the Court notes that Petitioner's reference to "re-open[ing] the Court's final judgment denied on October 30, 2006" is somewhat unclear.  There was no action taken by the Court on that date; rather, October 30, 2006, is the date on which the Government's brief in opposition to Petitioner's § 2255 motion was docketed.

[3]  The arguments advanced by Petitioner in his motion and brief are exceedingly difficult to understand, and many of the legal theories he advances are without merit and/or have no relevance to his criminal conviction and sentence.  For example, Petitioner cryptically argues that:
- "the standing law had impermissibly delegated judicial authority to 12 citizens on a jury panel, to judge the evidence on defendants trial on the merits and whether defendants receive life in jail or the death penalty. . . ."  (Doc. No. 114, at 2.)
- "In this regard, misrepresentation of the law and 'SHAM' prosecution, raises a political question for illegal "KIDNAPPING" alleged suspects behind bars, without fair due process of law."  (Id. at 3.)
- "the Grand Jury fact-finding is unconstitutional and the indictment has been decided on 'TAINTED-VOTES' by 'non-judicial officer' within court's judicial proceeding."  (Id. at 5.)
- "The Bureau of Prisons Policy . . . grants criminal intent for prison officials to "EXTORT funds from inmates account, when they refused to pay a restitution fines, in violations of the Double Jeopardy Clause.  A criminal penalty and a civil fine is unconstitutionally being applied to criminal defendants, which makes the Court Order defective."  (Id. at 7.)

Without reaching the issue of whether Federal Rule of Civil Procedure 60(b) provides Petitioner with an avenue for making these types challenges, the Court finds that Petitioner's motion and brief are more properly characterized as improper attempts to supplement Petitioner's untimely § 2255 motion.  Like the § 2255 motion discussed above, this second motion is likewise untimely and barred by the relevant statute of limitations.  It advances new grounds challenging his conviction and sentence and fails to "relate back" to clarify some prior, timely pleading.  See United States v. Duffus, 174 F.3d 333, 336-38 (3d Cir. 1999) ("A prisoner should not be able to assert a claim barred by the statute of limitation merely because he asserted a separate claim within the limitations period.").  Moreover, Petitioner's second motion is an impermissible "second or successive motion" under § 2255, which provides in relevant part,

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
> (1) newly discovered that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offence; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Petitioner was issued a "Miller Notice" in which he was warned of the restrictions imposed on successive motions under § 2255 (Doc. No. 107), and by failing to respond to the notice, he elected to proceed on his § 2255 motion as filed (Doc. No. 108).  See 28 U.S.C. § 2255; United States v. Miller, 197 F.3d 664 (3d Cir. 1999).  Petitioner's "Rule 60(b)" motion is a second or

---

- "The federal question now stands before this Honorable Court, is whether, 'RES JUDICATA' should bar federal judges from imposing Guidelines Enhancements? And whether res judicata should apply also to Parole and B.O.P. Prison Policies?" (Id. at 9.)

successive § 2255 motion that has not been certified in accordance with the procedures required by statute.  Accordingly, the Court will deny the motion.

**III.    CONCLUSION**

In conclusion, Petitioner's § 2255 motion is denied as untimely filed.  Additionally, Petitioner's motion under Federal Rule of Civil Procedure 60(b) is an improper attempt to supplement his untimely § 2255 motion.  It, too, is denied as improperly and untimely filed.

An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES** | : | |
| | : | **Criminal No. 1:03-CR-214** |
| **v.** | : | |
| | : | **(Chief Judge Kane)** |
| **ALEXIS BURGOS,** | : | |
| Petitioner | : | |

## <u>ORDER</u>

    **AND NOW**, this 29th  day of June, 2007, upon due consideration and for the reasons set forth in the within memorandum, **IT IS HEREBY ORDERED THAT** Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Doc. No. 106) is **DENIED**. The motion is dismissed as being time-barred by the relevant statute of limitations.

    **IT IS FURTHER ORDERED** that Petitioner's "motion to re-open the Court's final judgment denied on October 30, 2006 pursuant to the Civil Procedure Rule 60(B)" (Doc. No. 113) is **DENIED**.

 

      _S/ Yvette Kane_
      Yvette Kane, Chief Judge
      United States District Court
      Middle District of Pennsylvania